# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| JASON SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-8075 |
| | ) | |
| v. | ) | Honorable Judge Gary Feinerman |
| | ) | |
| TIMOTHY EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MOTION FOR ENTRY OF FINAL JUDGMENT**

Defendants, Chief Judge of the Circuit Court of Cook County Timothy Evans, Avik Das, William Patterson, Jennifer Nunez, Sharon Throw Koc, and Katherine Verrant, ("OCJ Defendants"), by their attorney, KWAME RAOUL, Attorney General of the State of Illinois, hereby request that the Court enter final judgment in favor of the OCJ Defendants in this matter. In support of their request, OCJ Defendants state as follows:

1. On November 17, 2017, Plaintiff, Jason Smith, filed his first lawsuit against the Office of the Chief Judge of the Circuit Court of Cook County, Avik Das, William Patterson, and Dennis Alexander, alleging claims of discrimination and retaliation against the defendants for the denial of his flex-time schedule. *See* Case No. 17-cv-8341, [hereinafter "*Smith I*"], Compl., attached hereto as Exhibit A.

2. On December 7, 2018, Plaintiff filed his initial complaint in this lawsuit against the Office of the Chief Judge, Cook County Juvenile Probation, Chief Judge Timothy Evans in his official capacity, Katherine Gailbraith-Verrant, Avik Das, William Patterson, Jennifer Nunez, and Sharon Throw-Koc (collectively, "OCJ Defendants"); AFSCME Council 31, AFSCME

International, AFSCME Local 3477, Lee Saunders, Steve Kasperski, Marshall Lynch, Roberta Lynch, Lloyd C. Marshall, and Mike Newman (collectively, "AFSCME Defendants"); and the City of Chicago, Brandon Crase, Karlo Flowers, and Sydney Roberts (collectively, "City Defendants"), alleging claims under 42 U.S.C. § 1983, the Illinois Whistleblower Protection Act, 740 ILCS 174/1 *et seq.*, the Illinois constitution, and Illinois contract law. Case No. 18-cv-8075, [hereinafter "*Smith II*"], ECF No. 1.

3. On April 9, 2019, Plaintiff filed his First Amended Complaint in *Smith II*, bringing claims against the same defendants under 42 U.S.C. § 1983, the Illinois Whistleblower Protection Act, 740 ILCS 174/1 *et seq.*, Illinois contract law, Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d-e *et seq.*, the Illinois Civil Rights Act ("ICRA"), 740 ILCS 23/1 *et seq.*, the Illinois Slander and Libel Act, 740 ILCS 145/1 *et seq.*, and Illinois tort law against the same defendants. *See* First Am. Compl., ECF No. 80.

4. Subsequently, all defendants filed respective dispositive motions in *Smith II*. *See* ECF Nos. 98-115.

5. Prior to filing his First Amended Complaint in this case, Plaintiff filed a putative class action against OCJ Defendants and AFSCME Defendants in a separate case, *Smith v. Hon. Chief Judge Timothy Evans*, which raises claims that overlap substantially with the claims raised in the current action. *See* Case No. 19-cv-1539, [hereinafter "*Smith III*"], Compl. ECF No. 1, attached hereto as Exhibit B.

6. Both OCJ Defendants and AFSCME Defendants filed respective dispositive motions in *Smith III*.

7. On November 25, 2019 this Court issued a Memorandum Opinion and Order, addressing the merits of both *Smith II* and *Smith III*. ECF No. 148.

2

8.  In *Smith II*, this Court disposed of all of Plaintiff's claims against the OCJ Defendants, all of Plaintiff's claims against the AFSCME Defendants, and some of Plaintiff's claims against the City Defendants. Mem. Opinion & Order, at 23.

9.  Plaintiff's Title VII, ICRA retaliation, and defamation claims against the City of Chicago are still pending. *Id.*

10. In *Smith III*, the Court dismissed Plaintiff's claims and granted Plaintiff leave to file an amended complaint. *Id.* at 26.

11. On November 25, 2019, this Court issued an Order in *Smith III* indicating that, if Plaintiff does not file an amended complaint, the Court would enter judgment and dismiss his claims without prejudice to his pursuing his claims against OCJ Defendants and AFSCME Defendants on appeal in Case Number 18-cv-8075. See Case No. 19-cv-1539, November 29, 2019 Order, attached hereto as Exhibit C.

12. On December 20, 2019, Plaintiff filed an Amended Complaint in *Smith III,* bringing claims that are largely duplicative *of Smith II.* Case No. 19-cv-1539, Am. Compl., attached hereto as Exhibit D.

13. On December 26, 2019, despite the fact that this Court had not yet entered a final judgment on the merits, Plaintiff filed a Notice of Appeal in *Smith II*. ECF No. 156.

14. As there is no just reason for delay, and Plaintiff has already sought to appeal the Order in *Smith II*, OCJ Defendants now respectfully request that this Court enter final judgment in their favor, and against Plaintiff, in this case.

15. OCJ Defendants conferred with Plaintiff regarding this request, and were informed that Plaintiff opposes this motion despite having made false representations that this Court has

already entered final judgment against him and in favor the OCJ Defendants in *Smith II*. See *Smith v. Evans, et al.*, 7th Cir. No. 19-3512, Doc. 7, attached hereto as Exhibit E.

**WHEREFORE**, OCJ Defendants now respectfully request that this Court enter final judgment against Plaintiff and in favor of the OCJ Defendants in this case, and for any further relief the Court deems equitable and just.

                                                    Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois         By:    /s/Mia Buntic
                                                      MIA BUNTIC
                                                        Assistant Attorney General
                                                        General Law Bureau
                                                        100 W. Randolph St., 13th Fl.
                                                        Chicago, Illinois 60601
                                                        (312) 814-3599
                                                        mbuntic@atg.state.il.us

                                                        *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 27, 2020, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system, which will effect electronic service on all participants.

>  */s/ Mia Buntic*
>  Mia Buntic
>  Assistant Attorney General